UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 16-032 |
| V. | * | SECTION: "M" |
| LOUIS AGE, JR., et al. | * | |

* * *

**UNITED STATES' MEMORANDUM OF LAW IN RESPONSE
TO DEFENSE MOTION FOR PRODUCTION OF JURY
SELECTION RECORDS PURSUANT TO 28 U.S.C. §1867(f) Rec. Doc. 340**

**NOW INTO COURT** comes the United States of America, by and through its counsel of record, who respectfully files a memorandum of law in response to Louis Age Jr.'s motion for production of jury selection records pursuant to 28 U.S.C. §1867(F).  Rec. Doc. 340.

## MEMORANDUM OF LAW

### Introduction

Pursuant to the Jury Service Selection Act of 1968 (the "Act"), 28 U.S.C. §1861 *et seq.*, the defendants have moved for access to certain materials in preparation for a motion, presumably a motion to quash the indictment or to quash the grand and petit jury venire.  The materials sought are maintained by the Court.  Whether this Court as an institution should disclose its records to the defendants is an issue for the Court to determine.  Nonetheless, the United States herein submits its view of the applicable law and legal analysis to the extent that it might assist the Court in resolving issues before the Court and that may later be attacked on appeal.

**The Jury Selection and Services Act of 1968 and The Plan for Random Selection of Grand and Petit Jurors in the United States District Court for the Eastern District of Louisiana**

The defendants have moved this Court to direct the Clerk of Court to provide certain records related to the selection of the grand jurors and potential petit jurors in their case.  Rec.

Docs. 340, 340-1, 340-2.  The defendants' request is predicated on the Jury Selection and Service Act of 1968 ("the JSSA"), 28 U.S.C. §1861 *et seq.*  Title 28 U.S.C. §1867(f) provides, in pertinent part,

> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section, until after the master jury wheel has been emptied and refilled pursuant to section 1863(b)(4) of this title, and all persons selected to serve as jurors before the master wheel was emptied have completed such service.  The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion.

Subsection 1867(a), the relevant subsection here, allows a defendant in a criminal case to "move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of [the JSSA] in selecting the grand or petit jury."  28 U.S.C. §1867(a).  According to the JSSA, 28 U.S.C. §1868, all records and papers compiled and maintained shall be preserved for four years or for such longer period as ordered by the court and such records shall be available for public inspection.

The current Jury Selection Plan of the United States District Court for the Eastern District of Louisiana for the Random Selection of Grand and Petit Jurors ("the Jury Plan") is dated January 10, 2013.  A copy of the Jury Plan is attached to this Memorandum as Exhibit 1.  The plan was in effect at the time of the defendants' Superseding Indictment, which was returned on August 17, 2017. Rec. Doc. 52.  The Superseding Indictment is the current and legally operative indictment in this case.

**Overview of the Right of Access to Jury-Selection Records and Applicable Case Authority**

Defendants are statutorily entitled to access some of the material they seek.  In a *per curiam* opinion, the Supreme Court held that, under the JSSA, a defendant "has essentially an unqualified

right to inspect jury lists." *Test v. United States*, 420 U.S. 28, 30 (1975). There, the defendant filed a motion to dismiss the indictment based on the alleged systematic exclusion of people with Spanish surnames, students and blacks. Defendant requested permission to inspect and copy the jury lists in order to try to discover information to support his motion. The district court denied the defendant's request to inspect the lists. The Supreme Court reversed, stating:

> [Section 1867] grants access in order to aid parties in the "preparation" of motions challenging jury-selection procedures. Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge. Thus, an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring "grand and petit juries selected at random from a fair cross section of the community."

*Id.* at 30. As the defendant here notes, with respect to the materials to which he is entitled, that statutory right is "essentially . . . unqualified." *Id.* at 29-30. Thus, pursuant to *Test*, a defendant need not prove the merits of a contemplated challenge to the jury-selection process before being granted access to certain jury records. *Id.*

*Test* made it clear that a defendant is entitled to "records and papers" used and maintained by the Court Clerk after the defendant alleges that he is preparing a motion under the JSSA challenging the jury selection procedures. *See United States v. Alden*, 776 F.2d 771, 773 (8th Cir. 1985). What is less than clear is the scope of "records and papers," as *Test* did not address the issue of what documents must be produced besides jury lists. *See United States v. Davenport*, 824 F.2d 1511, 1514-15 (7th Cir. 1987). Section 1867(f) provides that the contents are shown to be "necessary" for the preparation and presentation of a motion to dismiss the indictment. 28 U.S.C. §1867(f). This language suggests that the statute only allows for disclosure of those records and papers—such as jury lists—that are necessary for a motion to dismiss. *Davenport*, 824 F.2d at 1515; *see also United States v. McLernon*, 746 F.2d 1098, 1122 (6th Cir. 1984) ("The right to inspection extends to all jury selection materials relevant to a complete determination of whether

3

a grand or petit jury has in fact been selected at random from a fair cross-section of the community") (internal quotations omitted). "The Act is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of the Court." *United States v. Rice*, 489 F.Supp.2d 1312, 1316 (S.D. Ala. 2007) (compiling cases narrowing the scope of "necessary" records under the JSSA).

Federal courts have uniformly refused to allow a defendant unfettered access to all jury-related documents and records. *See, e.g., United States v. Savage*, 2012 WL 4616099, *5 (E.D. Pa. 2012) (noting in a capital case that the defendant making a request under the Act was "not entitled to unencumbered access to juror information"); *United States v. Rice*, 489 F.Supp.2d 1312, 1316-17 (S.D. Ala. 2007) (noting that after *Test*, "federal courts have uniformly declined to allow unfettered access to all jury-related documents and records"); *United States v. Diaz*, 236 F.R.D. 470, 482 (N.D. Cal. 2006) (a capital case in which the court observed that "[t]he right to discovery by the Act and *Test* is not limitless"); *United States v. Carlock*, 606 F.Supp. 491, 493 (W.D. La. 1985) ("the right to access involved here is not without limitations."); *United States v. Gotti*, 2004 WL 2274712, 6 (S.D.N.Y. Oct. 7, 2004) ("*Gotti II*") (defendant making § 1867(f) request "is not entitled to unencumbered access to juror information"); *United States v. Causey*, 2004 WL 1234912, *9, *18 (S.D. Tex. May 25, 2004) (collecting cases for proposition that while a criminal defendant has an essentially unqualified right to inspect the master list from which members of his grand and/or petit jury were selected, access to other jury records can be restricted); *United States v. Gotti,* 2004 WL 32858, *11 (S.D.N.Y. Jan. 6, 2004) (*"Gotti I"*) ("Moving defendants do not have an absolute right of access to all materials relating to the grand jury selection. . .").

To determine whether the procedures by which the relevant grand and petit juries were and will be selected complied with the JSSA, a defendant needs census data for the pertinent district

4

and demographic data regarding the applicable master wheel. *See Thomas v. Borg*, 159 F.3d 1147, 1150-51 (9th Cir. 1998) (census data, evidence regarding composition of court's venires or panels, and evidence of composition of master jury wheel relevant to constitutionality of jury selection process).

Thus, the United States does not object to the disclosure by the Court Clerk of the master lists from which the relevant grand jurors and petit jurors were and will be drawn, statistical demographic data for the registered voters who were disqualified, exempted, or excused from jury service in connection with the relevant master jury wheels. The United States has received limited information from the Clerk of Court's office regarding its records, but believes the AO-12 report for the relevant master and qualified jury wheels should be sufficient for defendant's purposes. The data on this form, coupled with census data for this district, is all defendant should need to determine whether he has a viable claim under the JSSA regarding the selection of the grand or petit jurors. *See McLernon*, 746 F.2d at 1122 (concluding that the defendant's "unqualified right to inspection was satisfied by disclosure of the Master Lists and the relevant demographic data about the general pool from which the specific grand jurors were selected").

**Defendants Should Not Be Given Identifying Information**

Although the United States agrees that defendant should have access to the aforementioned records, defendant should not be provided with identifying information as to individual jurors who have served, are serving, or could serve on juries. Numerous courts have held that only the master list from which the relevant grand or petit jury was selected need be turned over, not the names and other identifying information of specific jurors selected from the grand and petit jury pools. *See, e.g., In re Grand Jury Investigation,* 903 F.2d 180, 182 (3rd Cir. 1990) (although defendants are generally entitled to inspect jury selection records under JSSA, they are not normally entitled

5

to names of members of grand jurors that indicted them); *Davenport,* 824 F.2d at 1514-15 (defendant had unqualified right to jury list but defendant not entitled to juror qualification questionnaires without some demonstration of necessity); *McLernon*, 746 F.2d at 1123 (concluding that appellant's unqualified right to inspection of jury records was satisfied by disclosure of master lists and relevant demographic data about general pool from which specific grand jurors were selected; no error in refusing to provide appellants with names, addresses, and questionnaires of specific grand jurors who returned indictment against them); *United States v. Nichols*, 248 F.Supp.2d 1027, 1034-35 (D.Kan. 2003) (denying defendant's request for names, addresses, and questionnaires of jurors placed on master and qualified jury wheel for case because unqualified right to grand jury materials must be weighed against interest of grand jury secrecy; having access to method of selection is enough to satisfy JSSA); *United States v. Hubbard*, 474 F.Supp. 64, 85 (D.D.C. 1979) (allowing disclosure of only demographic data about makeup of grand jury that indicted defendants; denying disclosure of names and addresses of members of grand jury that indicted defendants). *See also United States v. Hansel*, 70 F.3d 6, 8 (2nd Cir. 1995) (party requesting names of grand jurors must make strong showing of particularized need). The United States thus requests that any jury-related records that are disclosed to defendant be redacted to omit reference to the names, addresses, dates of birth, or other identifying information of past or potential jurors.

The need for caution in disclosing identifying information is readily apparent. If grand jury information is disclosed, defendants may obtain the identities, addresses, and telephone numbers of the grand jurors who returned the indictment. Such grand jury information is protected by the highest level of confidentiality. A party seeking disclosure of grand jury materials under Fed. R. Crim. P. 6(e) must demonstrate a "particularized need" that outweighs the public interest

in grand jury secrecy. *See United States v. Sells Engineering, Inc.,* 463 U.S. 418, 442-43 91983); *Douglas Oil v. Petrol Stops, N.W.,* 441 U.S. 211, 214-24 (1979). The disclosure of grand jurors' identities could have a chilling effect on the grand jury currently serving and those empaneled in the future. In this case, disclosure of the juror identifying information risks "serious consequences for individual jurors and the system." *Davenport*, 824 F.2d at 1515. The grand jury indicted the Louis Age Jr. and his co-defendants with numerous counts involving the murder of Milton Womack, a federal witness. Defendant Guillory is a known gang member and associated with a violent criminal organization. Disclosure of personal information potentially would leave jurors open to threats and retribution from the defendants and/or individuals acting at their behest. Given the significant security threat these defendants pose, they should not be given questionnaires, forms or information that contain the names, addresses, and other identifying information of grand jurors who indicted them or of jurors who may potentially serve as petit jurors in their trial, especially since such information is unnecessary and extraneous to the resolution of defendant's planned motion to dismiss the indictment. To be clear, defendant's motion is in accordance with the Jury Plan and he does not request the specific names of those grand jurors who returned his Superseding Indictment.

### Defendant's Requests

The defendant submitted a voluminous 20-page request of materials in relation to the grand and petit venires. Although entitled to some of the information they request, many of these requests are confusing and burdensome, at best. Defendant's requests can fall into three categories: selection of the grand jury, selection of the petit jury, and jury selection under the most recently emptied Master Jury Wheel. These categories are further divided into the following: 1) the plan, 2) the records of voters and jurors, 3) the AO-12 and related documents, 4) the drawing of the

master wheel, 5) qualification of prospective jurors, 6) summons of jurors for particular term of service, and 7) the panel from which the grand jury or petit jury was selected.  The defendant makes numerous other requests beneath each subcategory.

The only relevant jury selection records, at this time, to defendant's requests and for their purposes of filing a motion under the JSSA are those from 2017, the year the federal grand jury returned the Superseding Indictment, and 2020, the year in which defendant's trial is scheduled and their petit jury will be empaneled.  The United States cannot respond with particularity to each request, as the Jury Plan does not directly define what is considered a jury selection record under the Jury Plan.  Additionally, the Jury Plan falls under the umbrella of the United States District Courts of the Eastern District of Louisiana ("EDLA"), and the United States is not party to the many mechanisms and operations involved in the random jury selection process.  To be sure, however, the United States District Courts have developed and implemented a Jury Plan that ensures juries will be selected at random from a fair cross section of the community in the EDLA.

The Eastern District of Louisiana's Jury Plan includes information about the practices and procedures for selecting juries in this district.  *See generally Jury Plan.*  The Jury Plan describes the disclosure of records as follows:

> The contents of records or papers used by the Clerk in connection with the jury selection process shall not be disclosed to anyone other than court personnel except pursuant to this plan or as authorized by the Chief Judge or by the Judge designated by order of the Chief Judge to supervise this plan, or as may be necessary in the preparation or presentation of a motion under subsections (a), (b), or (c) of Section 1867 of Title 28 U.S. Code, until after the master wheel has been emptied and refilled pursuant to Section 1863(b)(4) of Title 28 U.S. Code, and all persons selected to serve as jurors before the master wheel was emptied have completed such service.  The parties in a case shall be allowed to inspect, reproduce and copy such records or papers at all reasonable times during the preparation of such a motion.
>
> The names of grand jurors, identifiable as such, shall not be disclosed to anyone other than court personnel, persons authorized to assist in performing clerical work

8

in connection with jury selection and the United States Attorney, except upon order of the district judge in charge of the grand jury on a showing that exceptional circumstances have created a demonstrated need for disclosure.

After considering the above case law and the Jury Plan, the United States provides the following responses to defendant's various categories of requests. The United States re-urges that the only relevant data is from the Jury Wheel related to the 2017 Superseding Indictment and the Jury Wheel related to the 2020 Petit Jury for defendant's trial (hereinafter referred to as the "relevant jury wheels"). Furthermore, although the United States agrees that defendant should receive many of the records requested, the United States objects to the disclosure of names or addresses on Master Jury Wheels, Qualified Jury Wheels, and from any other requested source, which the defendant requests over a dozen times. The disclosure of any information *other than* race, ethnicity, gender and age is not necessary under 1867(f) for the preparation of defendant's motion to dismiss.[1] Individual information can be disclosed under juror participant number. Individual names do not provide demographic information as to that individual.

To the extent that the database contains information about addresses, the United States submits that the specific street addresses are not necessary, and rather the parish information can be provided. That information should be sufficient for the defendant's purposes of determining whether the Court is properly implementing its Jury Plan. There is no reason for the defendant to have specific street addresses for thousands of individuals in the EDLA, including those who have previously served as grand or petit jurors, are currently serving so, or may serve in the future.

The United States does not object to the disclosure of the demographic information pertaining to the Master Jury Wheel and Qualified Jury Wheel data relating to the relevant jury wheels of 2017 and 2020. The voter registration list is a source list, which contains the names of

---

[1] Defendant requests electronic copies of all requested materials. The United States agrees that if the requested records are available electronically, they should be turned over in that manner.

9

every individual registered to vote in the Eastern District of Louisiana ("EDLA"). The defendant does not require information about every registered voter in the EDLA in order to determine whether the Court is properly implementing its Jury Plan. Additionally, courts have held that defendants are not entitled to source lists under the JSSA. *See Rice,* 489 F.Supp. at 1318 (the raw data in the original source list of 518,476 names is not reasonably necessary to any fair cross-section challenge Rice might raise); *Diaz,* 236 F.R.D. at 483 (finding that access to raw data from original source lists is not authorized by the Act, as such lists are not necessary to preparation of fair cross-section challenge when defendants have otherwise been furnished with demographic data relating to pertinent jury wheels). As long as the defendant is provided census data of the EDLA and with basic demographic information about the individuals who are included in the Master Jury Wheel and Qualified Jury Wheel, the defendant would be in a position to determine whether a fair cross-section of the population from the EDLA has been included in the Master Jury Wheel and the Qualified Jury Wheel.

The United States does not object to demographic information given in relation to individuals drawn from the Master Jury Wheel for the delivery of juror qualification forms in accordance with the Jury Plan. The United States does not object to the disclosure of demographic records of those summoned for the term from which the pertinent grand jury was selected or from which the petit jury will be selected. The United States does not object to the disclosure of demographic information of the panel from which the grand jury returned the Superseding Indictment or of the panel from which the petit jury will be selected.

The United States has no objection of the disclosure of demographic information from the AO-12 or JS-12 forms or the production of any statistical or demographic analyses produced to ensure the quality compliance of the Master Jury Wheels and Qualified Jury Wheels that were

used to summon grand jurors (2017) and that will be used to summons petit jurors in this case (2020).

It does not appear that the agency who provided the voter registration list or the proprietor of the electronic data processing system used to select names from the voter registration list is a jury selection record. Therefore, the United States opposes this request. The United States does not oppose any request for when a Master Jury Wheel was refilled, as long as that Master Jury Wheel was used to summon grand jurors or is to be used to summon the petit jurors in this case.

The United States does not object to the disclosure of records for the number of names chosen to be placed in the master jury wheel, and the number of names to be drawn from each parish in the EDLA to form the master jury wheel. The United States does not object to the disclosure of the calculation of the division of the jurors from the thirteen parishes in the EDLA to be substantially in the same proportion as the names on the voter registration lists from each parish. The United States does not object to the disclosure of the calculation or determination of the quotient and starting number used in the drawing of the master jury wheel and qualified jury wheel. The United States does not object to the disclosure of any document or record relating to an order by the Chief Judge to order additional names be placed on the master wheel or qualified jury wheel. The United States does not object to the disclosure of the date when names were selected for delivery of a qualification form for either relevant Jury Wheel.

It is unclear to the United States how records of delivery of summonses is relevant to defendant's analysis under the JSSA. Furthermore, it does not appear that defendant is entitled under the JSSA to the juror qualifications forms, which are essentially juror questionnaire forms. Arguably, defendant should be provided with the demographic information contained on the

questionnaires. The Seventh Circuit has held that the defendant is not entitled to juror questionnaires under the JSSA. *See Davenport,* 824 F.2d at 1515. The Seventh Circuit stated:

> What defendant really desires, and what he particularly asked for in his motion, were the juror questionnaires completed and returned to the clerk. Those questionnaires contain prospective jurors' home addresses and other personal information. To give the defendant an absolute right of routine access to all materials would be an amendment of the [JSSA]. . . If these completed judicial jury forms were released to defendants generally there would exist the possibility of substantial abuse of the information the forms contain, which could have serious consequences for individuals jurors and the system.

*Id.* Other courts are in agreement. *See Savage, 2012 WL4616099, \*5* (Defendant's request to access the completed jury questionnaires will be denied); *Rice*, 489 F. Supp. 2d at 1320 ("defendant's request for all juror qualification questionnaires for master jury wheel are denied as being outside the scope of materials accessible under 28 U.S.C. §1867(f); *Nichols*, 248 F. Supp. 2d at 1034-35 (court denies defendants' request for jury questionnaires of the jurors placed in the qualified and master jury wheels); *Diaz*, 236 F.R.C. at 483 (defendant's request for juror questionnaires is denied).

Therefore, it is the United States' position that the defendant is not entitled to any jury questionnaires, whether the person was qualified or unqualified for jury service. Thus, this applies to juror questionnaires for all persons who were disqualified, excused or exempted. *Savage*, 2012 WL 4616099, \*5 (Defendant's request to access the completed jury questionnaires and any other information of all persons disqualified, excused or exempted was denied); *Rice,* 489 F. Supp. 2d at 1320 ("defendant's request for information concerning individuals who were not placed in the qualified wheel for whatever reason- recusal, disqualification, failed to return questionnaire- was denied); *Diaz*, 236 F.R.D. at 483 (defendant's request for completed jury questionnaires and list of all disqualified or excused persons was denied).

To more succinctly delineate what is generally outlined above and for the Court's ease, the United States provides its position on defendant's specific requests.[2] The United States recognizes the Court's sole authority to interpret which records in its custody are subject to disclosure and will grant or deny any request in accordance with the EDLA's Jury Plan. To the best of its ability, the United States has sought a position believed to be in agreement with the Jury Plan, *Test* and other relevant case law, and with the JSSA.

**Schedule 1- Selection of the Grand Jury**

As long as found to be in accordance with the Jury Plan, the United States does not object to the disclosure of the records requested in 1, 3-9, 11, 13(a)-(e), 14, 16(a)-(c), 17, 19(a)-(d), 20, 22(a)-(d), 23 and 24. Under the existing case law described above, the JSSA and the Jury Plan, the United States does not believe defendant is entitled to the disclosure of records in requests 2, 10, 12, 15, 16(d)-(n), 17, 18, 19(e)-(l), 21, 22(e)-(i).

**Schedule 2- Selection of the Petit Jury**

As long as found to be in accordance with the Jury Plan, the United States does not object to the disclosure of the records requested in 1, 3-9, 11, 13(a)-(e), 14, 16(a)-(c), 17, 19(a)-(d), 20, 22(a)-(d), 23 and 24. Under the existing case law described above, the JSSA and the Jury Plan, the United States does not believe defendant is entitled to the disclosure of records in requests 2, 10, 12, 15, 16(d)-(n), 17, 18, 19(e)-(l), 21, 22(e)-(i).

**Schedule 3- Jury Selection under the Most Recently Emptied Master Jury Wheel**

As long as found to be in accordance with the Jury Plan, the United States does not object to the disclosure of the records requested in 1, 3, 4, 5, 6, 7, 8 and 9. Under the existing case law

---

[2] The United States maintains its position throughout that defendants should not be granted names, addresses, dates of birth and other personal identifying information, but that defendants should receive records with relevant demographic information to file a motion under the JSSA.

described above, the JSSA and the Jury Plan, the United States does not believe defendant is entitled to the disclosure of records in request 2.

## Production of Material

Material responsive to some categories of requested information may contain a large amount of personally identifiable information, including names, addresses and dates of birth. The entity producing any material on behalf of the Court should be ordered to redact or withhold all personally identifiable information. Such an order would permit defendant access to the material he requires to investigate and prepare a motion to quash the jury venire or dismiss the indictment, but would protect sensitive personal information belonging to citizens of the Eastern District of Louisiana. *See Savage,* 2012 WL 4616099, \*6 (the court ordered that defendant be provided not with original records but instead with spreadsheets containing only the statistical data sought, citing the need to consider "the risks and burdens associated with disclosure").

The issue is whether the Court's process for jury selection is fair, and not whether individual persons answered the jury questionnaire, returned the jury questionnaire, requested an excuse from jury service, or were exempted from jury service. The United States respectfully submits that the Court grant in part and deny in part defendant's requests for the reasons stated above. The defendant has the right to certain limited information about the Master Jury Wheel and the Qualified Jury Wheel that pertain to his case. However, the defendant does not have the right to many of the records or information they seek. "The [JSSA} is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of Court." *Savage* at \*5. In order to assess whether to make a claim regarding a defect with the grand jury or petit jury process, the defendant need only certain basic information from the Master and Qualified Jury Wheels. "It is not the actual selection of the grand jury which would constitute the violation, but

14

rather whether the jury was selected 'at random from a fair cross-section of the community."

*Nichols*, 248 F.Supp.2d at 35 (quoting *Test*, 420 U.S. at 30).

                                            Respectfully submitted,

                                            PETER G. STRASSER
                                            UNITED STATES ATTORNEY

                                            */s/Elizabeth Privitera*
                                            ELIZABETH PRIVITERA, 27042
                                            Assistant United States Attorney
                                            650 Poydras Street, Suite 1600
                                            New Orleans, Louisiana 70130
                                            Telephone: (504) 680-3119
                                            Elizabeth.Privitera@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on February 7, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

                                            */s/Elizabeth Privitera*
                                            ELIZABETH PRIVITERA
                                            Assistant United States Attorney