UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-32 |
| LOUIS AGE JR.<br>LOUIS AGE III<br>    a/k/a "Big Lou"<br>RONAL WILSON JR.<br>KENDRICK JOHNSON<br>STANTON GUILLORY<br>    a/k/a "Nan Nan" | SECTION: M (1) |

## ORDER & REASONS

Before the Court is a motion by defendant Louis Age Jr. for production of jury selection records pursuant to 28 U.S.C. § 1867(f).[1]  Age Jr.'s specific requests are detailed in an attachment to the motion, but he generally seeks information related to the grand jury that returned the indictment against him in 2017, the petit jury that will try the case in 2020, and jury selection under the most recently emptied master jury wheel.[2]  The United States of America (the "government") filed a memorandum of law in response to Age Jr.'s motion,[3] and Age Jr. filed a reply in further support of the motion.[4]  Having considered the parties' memoranda, the record, and the applicable law, the Court grants Age Jr.'s motion, subject to the limitations noted in this Order & Reasons.

---

[1] R. Doc. 340.
[2] R. Doc. 340-2.
[3] R. Doc. 360.
[4] R. Doc. 377.

The Jury Selection and Service Act of 1968 ("JSSA"), 28 U.S.C. §§ 1861, *et seq.*, provides that all litigants in federal court entitled to a trial by jury "shall have the right to grand and petit juries selected at random from a fair cross section of the community." 28 U.S.C. § 1861. A citizen cannot be excluded from jury service "on account of race, color, religion, sex, national origin, or economic status." *Id.* § 1862. The JSSA requires each district court to "devise and place into operation a written plan for random selection of grand and petit jurors that shall be designed to achieve the objectives of sections 1861 and 1862." *Id.* § 1863(a).

A defendant may challenge the selection of the grand or petit jury by moving to dismiss the indictment or to stay the proceedings on the ground that the jury was not selected in compliance with the JSSA. *Id.* § 1867(a). When a defendant intends to file such a motion, he is entitled to "inspect, reproduce and copy [the contents of records or papers used by the jury commission or clerk in connection with the jury selection process] at all reasonable times during the preparation and pendency of such a motion." *Id.* § 1867(f). In *Test v. United States*, the Supreme Court held that, under § 1867(f), a litigant "has essentially an unqualified right to inspect jury lists," which right "is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.'" 420 U.S. 28, 30 (1975) (quoting 28 U.S.C. § 1861). "To avail himself of the right of access to jury selection records, a litigant need only allege that he is preparing a motion to challenge the jury selection process." *United States v. Royal,* 100 F.3d 1019, 1025 (1st Cir. 1996) (finding that district court erred in requiring defendant to show probable success on the merits as a condition to access records).

Although a litigant's right to inspect the jury records is unqualified, federal courts have recognized that the scope of that right is not unlimited with respect to the materials sought to be

made available or inspected. *See, e.g., United States v. Diaz*, 236 F.R.D. 470, 482-83 (N.D. Cal. 2006) (barring access to completed jury questionnaires and lists of all disqualified and excused persons). In *United States v. Rice,* the court summarized this authority as follows:

> Despite recognizing defendants' near-absolute right to inspect jury lists under *Test,* federal courts have uniformly declined to allow unfettered access to all jury-related documents and records. *See, e.g., Diaz,* 236 F.R.D. at 482 ("The right to discovery by the Act and *Test* is not limitless."); *United States v. Carlock,* 606 F. Supp. 491, 493 (E.D. La.1985) ("the right of access involved here is not without limitations"); *United States v. Gotti,* 2004 WL 2274712, *6 (S.D.N.Y. Oct. 7, 2004) ("*Gotti II*") (defendant making § 1867(f) request "is not entitled to unencumbered access to juror information"); *United States v. Causey,* 2004 WL 1243912, *9, *18 (S.D. Tex. May 25, 2004) (collecting cases for proposition that while a criminal defendant has an essentially unqualified right to inspect master list from which members of his grand and/or petit jury were selected, access to other jury records can be restricted); *United States v. Gotti,* 2004 WL 32858, *11 (S.D.N.Y. Jan. 6, 2004) ("*Gotti I"* ) ("Moving defendants do not have an absolute right of access to all materials relating to the grand jury selection...."). The Act is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of Court. Indeed, as one appellate court has explained, § 1867(f) "provides that the contents of records or papers used by the clerk shall not be disclosed unless those records' contents are shown to be 'necessary' for the preparation of a motion" alleging substantial failure to comply with the Act. *United States v. Davenport,* 824 F.2d 1511, 1515 (7th Cir. 1987); *see also Diaz,* 236 F.R.D. at 482 ("While a defendant has a statutory right to data required for a proper assessment of the composition of the panel, the [Act] does not automatically permit disclosure of other jury information" without a sworn statement showing particularized need). Under that reasoning, then, if certain records or papers are not reasonably necessary for preparation of a motion under the Act, then the Act does not authorize access to those records or papers.

*United States v. Rice*, 489 F. Supp. 2d 1312, 1316-17 (S.D. Ala. 2007)

In this vein, courts have imposed limits on the materials provided. For example, the Second Circuit has held that a defendant has a right to access only "records and papers already in existence," and the jury administrator is not required to analyze data on the defendant's behalf. *United States v. Miller*, 116 F.3d 641, 658 (2d Cir. 1997). Also, the Fourth Circuit has held that § 1867(f) does "not entitle [defendant] to the juror qualification questionnaires without some demonstration of necessity." *United States v. Curry*, 993 F.2d 43, 44 (4th Cir. 1993) (citing

3

*United States v. Davenport*, 824 F.2d 1511, 1514-15 (7th Cir. 1987)).  Indeed, juror questionnaires contain a significant amount of personal information and the relevant demographic data disclosed therein can be obtained from other jury materials.  *See Rice*, 489 F. Supp. 2d at 1319 (collecting cases).  Moreover, courts have been reluctant to provide access to the names, addresses, and personal identifying information of potential jurors, especially grand jurors.  *United States v. Stile*, 2014 WL 1908938, at *5 (D. Me.  May 13, 2014) (citations omitted).  Therefore, courts have held that "the redaction of personal identifiers, such as name, address, juror identification number, month and day of birth, and occupation, balances the grand [and petit] juror's legitimate right of privacy against the [d]efendant's right to mount a challenge to the composition of the grand [or petit] jury."  *Id.*; *see also United States v. Frye*, 2006 WL 8425614, at *2 (E.D. La. Apr. 6, 2006) (Vance, J.) (order that defendant's stand-by counsel be given access to "information concerning the race, ethnicity, sex, age, and residence, but not names or street addresses, of prospective jurors in the master and qualified jury wheels from which the grand jury that returned the … indictment was selected" and "of persons summoned for service and persons actually empaneled on the grand jury that returned the … indictment").

Considering the foregoing authority,

IT IS ORDERED that the Clerk of Court permit at a reasonable time Richard Bourke,[5] counsel for defendant Age Jr.,[6] to inspect, reproduce, and copy, existing documents or reports readily generated by the jury management system that are responsive to the following specific requests of Age Jr. (as outlined in R. Doc. 340-2) related to the grand jury that returned the indictment against him in 2017 and the petit jury that will try the case in 2020:

---

[5] The government may designate counsel to accompany Mr. Bourke during his inspection or to inspect the documents or reports separately at another reasonable time.

[6] The records made available for inspection are to be used only for the purpose of investigating a challenge to the jury selection process, and counsel is not to share the records with the defendants.

1. The jury plan for this District (Request no. 1 in Schedules 1 and 2);

2. The jury lists sought by Request nos. 2 through 7 in Schedules 1 and 2 and those sought by Request nos. 23 and 24 in Schedule 2, subject to the redactions specified in bold below;

3. The AO-12s and related documents sought by Request nos. 8 and 9 in Schedules 1 and 2, subject to the redactions specified in bold below;

4. The **names and dates** sought by Request nos. 10, 11, 12, 14, 15, 17, 18, 20, and 21 in Schedules 1 and 2;

5. Any existing documents providing the information sought by Request nos. 13, 16, 19, and 22 in Schedules 1 and 2 (subject to the redactions specified in bold below), except that (a) the juror qualification questionnaires **shall not be produced** because the relevant demographic information included within them is available from other jury materials, and (b) any documents concerning disqualified or exempted jurors **shall not be produced** because such information is available from the other jury information to be inspected[7] or because such records are unnecessary to a fair cross-section challenge.[8]

**However, the Clerk of Court shall redact any and all personal identifiers from all documents or reports made available for inspection, including, but not limited to, personal identifiers such as name, street address, juror identification number, month and day of birth, occupation, and voting status information**.

---

[7] *Rice*, 489 F. Supp. 2d at 1320 ("By definition, all individuals listed in the master wheel who are not named in the qualified wheel have been disqualified, did not respond, or otherwise were excused; therefore, the database information concerning these individuals has already been provided.").

[8] *Id.*

IT IS FURTHER ORDERED that where one document or record contains information responsive to more than one item listed in the schedules, the Clerk of Court is not required to make available multiple copies of the record but may indicate where the requested information is located in the produced records.  To the extent documents are maintained in an electronic format, they should be made available, where possible, in such electronic format in a manner capable of being read or reviewed without proprietary software.

IT IS FURTHER ORDERED that where documents or records responsive to this order have not yet come into existence but are created prior to the end of the trial in this proceeding, the Clerk of Court shall make those records or documents available for inspection as they come into existence.

New Orleans, Louisiana, this 4th day of March, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE