UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL DOCKET |
| | ) | |
| versus | ) | NUMBER: 16-32-1 |
| | ) | |
| LOUIS AGE JR. | ) | JUDGE BARRY W. ASHE |
| LOUIS AGE III | ) | |
| RONALD WILSON JR | ) | |
| STANTON GUILLORY | ) | |

**MEMORANDUM IN SUPPORT OF
MOTION TO EXCLUDE HEARSAY TESTIMONY OF INFORMANT M.C.
AS INADMISSIBLE HEARSAY**

Defendants Age Jr., Age III and Guillory respectfully submit this memorandum in support of their motion to exclude the hearsay testimony of M.C. as to declarations of Ronald Wilson as the proposed testimony is not excepted under FRE 804(b)(3).

**Introduction**

In its Opposition to Defense's Motion to Continue, Rec. Doc. 679, the government declared its intent to admit testimony of M.C. as to out of court declarations by Ronald Wilson on the basis that those declarations, while obviously hearsay, are admissible under the exception for statements against penal interest. FRE 804(b)(3).

The government, as the proponent of the exception, bears the burden of establishing that each element of the exception is proven to this court. The relevant statutory provision reads:

> (b) The Exceptions. The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:
> \*\*\*\*
> (3) *Statement Against Interest.* A statement that:
>     (A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to

>expose the declarant to civil or criminal liability; and
>(B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

FRE 804(b)(3).

## Argument

### I. The witness must be unavailable

FRE 804(a) provides that the exception is only available if the government can prove the declarant (Wilson) is unavailable. A witness who asserts his privilege against self-incrimination will be relevantly unavailable. FRE 804(a)(1); *United States v. Briscoe*, 742 F.2d 842, 846 (5th Cir. 1984). However, that has not happened yet and may not happen, for instance, if Mr. Wilson chose to testify at trial.[1] Furthermore, this exception to the hearsay rule does not apply if the proponent of the declaration, the government, has procured the unavailability of the witness. FRE 804(a). Here, the government has insisted on a joint trial, rather than trying Wilson first in a separate trial and extinguishing his privilege against self-incrimination. The government may not take advantage of this strategic choice, which may well serve to procure the unavailability of Wilson in the trials of the other defendants.

### II. Only those statements or remarks within a broader confession that are individually self-inculpatory may satisfy the test

The Supreme Court in *Williamson v. United States*, 512 U.S. 594, 599 (1994), held that FRE 804(b)(3) was to be construed narrowly and only those declarations or remarks within the confession that are individually self-inculpatory are covered.

"The fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts [and] the fact that a statement is collateral to a

---

[1] In those circumstances, the direct testimony of Wilson might be evidence in the trials of the other defendants but the statements allegedly made to M.C. would not be admissible under the penal interest exception. The government could cross-examine Wilson about his alleged conversation with M.C. but could not call M.C. to testify in the case of the other defendants.

2

self-inculpatory statement says nothing at all about the collateral statement's reliability." *Id.* at 600.

So, "the most faithful reading of Rule 804(b)(3) is that it does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory." *Id.* at 600-601.

Thus, "under *Williamson*, the district court must consider whether each statement, not just the confession as a whole, was truly self-inculpatory." *United States v. Piper*, 912 F.3d 847, 856 (5th Cir. 2019) (quoting from *United States v. Castelan*, 219 F.3d 690, 694 (7th Cir. 2000)).

### III. Each statement sought to be admitted must so far tend to subject the declarant to criminal liability that a reasonable person in his position would not have made the statement unless he believed it to be true

To be admissible, each individual statement or utterance to be reviewed must so far tend to expose *Wilson* to criminal liability that a reasonable person in jail talking to M.C. would not have made the statement unless he believed it to be true. FRE 804(b)(3)(A). It is not enough that it would tend to subject a co-defendant to criminal liability. *Williamson*, 512 U.S. at 599.

Hearsay under the declaration against interest exception is unreliable unless the declarant is aware at the time of making the statement that it is against his interest. *Roberts v. Troy*, 773 F.2d 720, 725 (6th Cir. 1985). Further, where the declarant is in circumstances such that admitting to a violent crime might be in his interests, such as bringing him glory with peers, the statement will not be admissible as against the declarant's perceived interests. *Gilmore v. Palestinian Interim Self-Government Auth.*, 53 F. Supp. 3d 191, 205 (D.D.C. 2014) ("Abu Halawa's announcement to Aweis that he would assume responsibility for the NII attack was a publicity-seeking effort that was not contrary to his perceived interests."); *Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 542, 569 (E.D.N.Y. 2012) (assumption of FRE 804(b)(3) is negated when the declarant has ulterior motives for admitting conduct); *accord Strauss v. Credit Lyonnais*, S.A., 925 F. Supp. 2d 414, 449

3

(E.D.N.Y. 2013).

## IV. Each statement sought to be admitted must be supported by corroborating circumstances that clearly indicate its trustworthiness and must be based upon personal knowledge

"Rule 804(b)(3) requires that a statement be corroborated by circumstances clearly indicating trustworthiness. *See United States v. Bell*, 367 F.3d 452, 466 (5th Cir. 2004). The statements must bear adequate 'indicia of reliability,' such that 'adversarial testing would be expected to add little, if anything, to the statements' reliability.' *Id.*" *United States v. Piper*, 912 F.3d 847, 856-57 (5th Cir. 2019) (internal quotation marks omitted).

There are two elements to trustworthiness, the in-court witness and the declarant. "In order for a declaration against penal interest to be trustworthy evidence, the statement must actually have been made by the declarant, and it must afford a basis for believing the truth of the matter asserted." *United States v. Bagley*, 537 F.2d 162, 167 (5th Cir. 1976). Put another way, "trustworthiness is determined primarily by analysis of two elements: the probable veracity of the in-court witness, and the reliability of the out-of-court declarant." *United States v. Alvarez*, 584 F.2d 694, 701 (5th Cir. 1978).

As to the in-court witness, the rule is concerned with whether the statement was actually made and is to be construed "in such a manner as to effectuate its purpose of circumventing fabrication."[2] *Bagley*, 537 F.2d at 167. Credibility, demeanor and criminal history of the in-court witness, as well as any corroboration of his account will all be relevant. *Id.*

Thus, the first thing the district court must do is make a finding as to whether the government has proven by a preponderance that each of the statements against penal interest

---

[2] The original version of the Rule imposed the trustworthiness requirement on statements that tended to exculpate an accused. However, the Rule was changed in 2010 to extend the trustworthiness requirement to all statements against penal interest, including those offered by the prosecution.

4

sought to be admitted was actually made. *Laumer v. United States*, 409 A.2d 190, 199 (D.C. 1979) (en banc).

Even if convinced the statement was made by the declarant and that it was sufficiently contrary to the declarant's penal interests, the court must still evaluate the reliability of the declarant's statement. Statements of a co-defendant that direct or spread criminal liability towards others having long been considered suspect. *Piper*, 912 F.3d at 857. Further, where aspects of the declarant's statements are contradicted by other evidence in the record they will not be admissible because it cannot be said that "adversarial testing would be expected to add little, if anything, to the statements' reliability." *Piper*, 912 F.3d at 857, n.5 (*quoting Bell* (supra)).

In addition, a declaration that meets the penal interest exception will still not be admissible unless the government can establish that the declarant had personal knowledge of the facts to which the statement relates. *United States v. Lang*, 589 F.2d 92, 97-98 (2nd Cir. 1978) (requirement of firsthand knowledge applies to statements against penal interest and is assured by FRE 602); Notes of Advisory Committee on Rules, FRE 803 ("In a hearsay situation, the declarant is, of course, a witness, and neither this rule nor Rule 804 dispenses with the requirement of firsthand knowledge. It may appear from his statement or be inferable from circumstances. See Rule 602.").

## V. An evidentiary hearing outside the presence of the jury must be held and should be held prior to trial commencing

As will be clear from the above, unlike many exceptions to the hearsay rule, FRE 804(b)(3) imposes special obligations upon the district court to make factual findings, including findings sounding in credibility and demeanor that can only be made at an evidentiary hearing outside the presence of the jury.

The government accepts that this court will need to hear from M.C. and any defense

witnesses outside the presence of the jury.[3]

The question is whether that hearing should be conducted before or after the commencement of trial. The Fifth Circuit has specially commended the use of a pre-trial hearing to determine the admissibility of such evidence, noting "the very real dangers presented by the admission of inculpatory-as-to-a-third-person statements against the declarant's interest." *United States v. Sarmiento-Perez*, 633 F.2d 1092, 1101 n.5. (5th Cir. 1981).

Here, there is clearly a good faith basis to challenge the government's ability to meet the penal interest exception given the shadow hanging over the corrupt Nelson Coleman informant ring.[4] Beyond that, the defense intends to heavily challenge M.C.'s credibility at any evidentiary hearing as well as the government's ability to satisfy the other elements described above.

Such a hearing, involving multiple witnesses, is likely to be too involved for it to be sensibly conducted during trial. Unlike, for instance, a hearing on the co-conspirator exception, the other evidence received at trial will not much advance the court's consideration of the issues under FRE 804(b)(3).

Further, M.C.'s evidence is so pivotal that the defense are entitled to know whether and to what extent his testimony will be allowed against each defendant before jury selection and opening statements.

It is respectfully submitted that the court should conduct an evidentiary hearing prior to the commencement of trial to determine whether the government can meet its burden of proving each element of the FRE 804(b)(3) hearsay exception and rule before trial on which statements against penal interest attributed to Wilson, if any, are admissible against the other defendants.

---

[3] Rec. Doc. 679 at 8 ("the defense can simply question M.C. outside the presence of the jury before M.C. testifies about how he got the information.")
[4] Defendants incorporate by reference the description of the current disclosures and investigation into the informant activities of M.C. and the corrupt informant ring at Nelson Coleman contained in Doc.721-1.

## CONCLUSION

For all of the foregoing reasons, the Court should conduct an evidentiary hearing prior to the commencement of trial and then exclude the testimony of M.C. as to the declarations of Wilson in the trials of Age Jr., Age III and Guillory as the government cannot carry its burden of establishing the hearsay exception under FRE 804(b)(3).

Respectfully submitted,

*/s/ Richard Bourke*
Richard Bourke, LA 31428
Christine Lehmann LA 28122
Julia Chung LA 39142
Attorneys for Louis Age, Jr.
Louisiana Capital Assistance Center
636 Baronne Street
New Orleans, LA 70113
504-558-9867
504-558-0378 (fax)

Attorneys for Louis Age, Jr.

## CERTIFICATE OF SERVICE

This certifies that I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system that will send a notice of electronic filing to all counsel of record.

Dated:  March 16, 2022

                                      */s/ Richard Bourke*
                                      RICHARD BOURKE