UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-32 |
| LOUIS AGE JR. | SECTION M |

**ORDER & REASONS**

Before the Court is a motion by defendant Louis Age Jr. for leave to interview jurors pursuant to Local Criminal Rule 23.2.[1] Age Jr. argues that he needs to interview the jurors to evaluate counsel's performance and to investigate whether there is any admissible information to impeach the verdict, such as whether outside influences or extraneous prejudicial information was introduced to the jurors.[2] The United States of America (the "Government") opposes the motion, arguing that federal law disfavors post-verdict juror interviews and that Age Jr. has not shown or alleged any impermissible influence or wrongdoing that could impeach the verdict.[3] The Government also argues that the jurors' interests in privacy and the public's interest in well-administered justice support the denial of Age Jr.'s motion.[4]

Local Criminal Rule 23.2 provides that jurors have no obligation to speak to any person about any case, and that attorneys and parties to an action "are prohibited from speaking with, examining or interviewing any juror regarding the proceedings, except with leave of court." The Fifth Circuit has recognized that "[h]istorically, interrogations of jurors have not been favored by federal courts except where there is some showing of illegal or prejudicial intrusion into the jury

---

[1] R. Doc. 894.
[2] *Id.* at 3-5.
[3] R. Doc. 900 at 1-4.
[4] *Id.* at 4-6.

process." *United States v. Riley*, 544 F.2d 237, 242 (5th Cir. 1976); *see also United States v. Booker*, 334 F.3d 406, 416 (5th Cir. 2003) (affirming district court's refusal to allow juror interviews where there was no showing of illegal or prejudicial intrusion into the jury process). The court has further stated that "[p]rohibiting post-verdict interviews protects the jury from an effort to find grounds for post-verdict charges of misconduct, reduces the 'chances and temptations' for tampering with the jury, increases the certainty of civil trials, and spares the district courts time-consuming and futile proceedings." *Haeberle v. Tex. Int'l Airlines*, 739 F.2d 1019, 1021 (5th Cir. 2003).

Here, Age Jr. has not presented any evidence, or even made an allegation, that there was illegal or prejudicial intrusion into the jury process. Rather, he seeks the Court's permission to embark on a fishing expedition to see if there might possibly be some outside influence that affected the verdict and, secondarily, to evaluate his counsel's performance. Because he cites no facts suggesting illegal or prejudicial intrusion into the jury process, or any other impropriety, there is no compelling reason to allow juror interviews. This Court believes it has a duty to protect the privacy and safety of jurors and the public trust in the jury process. In a case such as this, which involves a jury's determination to convict defendants of murdering a federal witness, this duty is heightened. It follows, then, that Age Jr.'s unsubstantiated request to interview jurors should be denied.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Age Jr.'s motion for leave to interview jurors is DENIED.

New Orleans, Louisiana, this 22nd day of June, 2022.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE